John ROOD and Dorothy B. A. Rood, Plaintiffs,

v.

UNITED STATES of America, Defendant.

No. 4–59 Civ. 131.

United States District Court
D. Minnesota,
Fourth Division.

June 30, 1960.

Charles S. Bellows, Archibald Spencer, Minneapolis, Minn., for plaintiffs.

Lee Phillips, Attorney, Department of Justice, Washington, D. C., and Fallon Kelly, U. S. Atty., St. Paul, Minn., for Government.

DEVITT, Chief Judge.

The above action, being regularly upon the General Trial Calendar, Spring Term, of the above named Court, was tried before this Court on June 8 and 9, 1960, without a jury. Upon all of the files, records and proceedings herein, and upon the evidence adduced at the trial, the Court makes the following Findings of Fact, Conclusions of Law and Order for Judgment.

## Findings of Fact

1. This Court properly has jurisdiction of this matter, which arises under the Internal Revenue Laws of the United States.

2. Plaintiffs timely and properly filed claims for refund of the amounts in question herein, and plaintiffs timely and properly commenced the present action.

3. Plaintiffs seek recovery of $18,018.-29 as and for taxes paid and interest thereon, which total amount was paid on July 2, 1958 to defendant pursuant to assessment by the District Director of Internal Revenue, St. Paul, Minnesota.

4. As to $95.75 principal amount of tax and $18.43 interest thereon, the assessment was based on a determination by the District Director that plaintiffs were not entitled to deduct depreciation on their 1954 joint income tax return for certain cattle breeding stock. The assessment was in this particular in error and plaintiffs are entitled to a refund of said tax and interest paid thereon by plaintiffs, together with interest from and after July 2, 1958 as allowed by law.

5. As to $151.68 principal amount of tax and $39.03 interest thereon, the assessment was based on a determination by the District Director that plaintiffs were not entitled to deduct certain expenses on property located at Tofte, Minnesota, in their 1953 joint income tax return. The assessment was in this respect correct, and plaintiffs are not entitled to a refund of the tax and interest paid thereon.

6. As to $14,288.77 principal amount of tax and $3,424.63 interest thereon paid by plaintiffs, the assessment was based on a determination by the District Director that plaintiffs were not entitled to deduct losses incurred by them in the calendar years 1952, 1953 and 1954 in conducting a sculpturing business. The deduction of these losses was originally denied for each year in question on the ruling that the sculpturing business conducted by plaintiffs did not constitute a "trade or business" within the meaning of Sections 23(a) and 23(e) (1) of the 1939 Internal Revenue Code, 26 U.S.C.A. § 23(a), (e) (1).

7. The sculpturing business carried on by plaintiffs continually since the year 1948 to date constitutes a trade or business within the meaning of Sections 23 (a) and 23(e) (1) of the 1939 Internal Revenue Code.

8. Such sculpturing business has continuously to date since 1948 been conducted as a partnership between plaintiff John Rood and plaintiff Dorothy B. A. Rood.

9. Plaintiff John Rood is a sculptor of national and international reputation and recognition; each year since 1937 he has held numerous one-man shows and has exhibited his sculpturing work in many group shows throughout the United States; he has held one-man shows in Italy and Mexico; in 1950 he published a book entitled "Sculpture in Wood", which is a standard text now in its third printing and widely used throughout the United States and in foreign countries; despite having received no formal academic degree, he has, since 1946, risen from the rank of instructor at the University of Minnesota to Full Professor in Sculpture at the University of Minnesota; such academic appointments have been accomplished primarily because of the reputation and recognition which he has attained through the sale and exhibition of his works of sculpture; each year he lectures extensively on sculpture; in 1959 he was elected for a two-year term as President of National Artists Equity in recognition of his reputation and standing as a sculptor; and he was an incorporator and the first president of the Society of Minnesota Sculptors, which Society has as its purpose the promotion of works of sculpture by artists working in Minnesota.

10. Plaintiff John Rood commenced selling his works of sculpture in 1937; since that time he has completed in excess of 500 works of sculpture, and commencing with the year 1937 has completed commissions and sold approximately 25 percent of the works so created.

11. Each year from and after the year 1937 plaintiff John Rood has created sculpture with the intent of making a profit from the sale of such sculpture; from the year 1944 and each year thereafter his earnings have been exclusively derived from the sculpturing business; he conducts the sculpturing business as a profession and is considered in the art world as a professional sculptor.

12. Plaintiff John Rood was divorced in 1947 and married plaintiff Dorothy B. A. Rood in 1948; ever since 1948 plaintiffs have engaged in the sculpturing business as a joint venture and partnership with the intent of making a profit; during the years 1948, 1949, 1957, 1958 and 1959 profits were made by this partnership; losses were sustained by this partnership in the years 1950 through 1956, inclusive; plaintiff Dorothy B. A. Rood has contributed the major part of the financial capital necessary for this partnership to engage in the sculpturing business. Plaintiff John Rood has contributed to the partnership, among other things, his sculpture, skills, sculpturing tools and equipment, research library and writings. Detailed books of account, including daily journal entry books, ledger accounts and capital books of account, have been kept by the partnership; plaintiff Dorothy B. A. Rood has, in her own handwriting, kept detailed books of account for all works of sculpture created by plaintiff John Rood for the partnership; she has also kept detailed business records of all lectures, exhibitions, time and labor records for major works created, books showing costs of materials, shipping costs and other expenses relating to the creation, exhibition and sale of works of sculpture; she has conducted considerable research for sculpture projects to be executed by plaintiff John Rood; all works of sculpture have been priced for sale through a joint determination by plaintiffs; works of sculpture placed on exhibition, either at one-man shows or group exhibitions, are so priced for sale; plaintiffs collaborate closely upon the promotion of, exhibition and sale of Rood sculpture.

13. The partnership has continuously since inception maintained at least one dealer for the purpose of selling works of sculpture created by plaintiff John Rood; at the present time the works of sculpture offered for sale by this partnership are handled by Feingarten Galleries located in Chicago, New York, Los Angeles and Carmel, California; such dealers have borne all costs of promoting the sale of sculpture offered by the partnership and can realize profit only through the sale of such sculpture, and such dealers are commercially in business for the purpose of making a profit.

14. The partnership maintains a studio for the execution of sculpture at 1650 Dupont Avenue South, Minneapolis, Minnesota; the studio is fully equipped with sculpturing tools, welding equipment, pneumatic drills, heavy overhead crane lift and other machinery; at that address the partnership also maintains a gallery for exhibition of sculpture to be sold by the partnership; the gallery is sometimes referred to as "Highacre Gallery"; kept at the gallery are the business books and records of the partnership, research library, storerooms and other equipment necessary for the conduct of a sculpturing business; the books of account of the partnership show that a contribution of the land on which the studio and gallery are located was contributed by plaintiff Dorothy B. A Rood to the partnership; the cost of the construction of the studio and gallery, together with extensions and improvements thereto, have been contributed as capital contributions to the partnership by plaintiff Dorothy B. A. Rood.

15. For all calendar years from 1948 to the present, plaintiffs have filed joint income tax returns with both the United States Government and the State of Minnesota; they have shared profits and losses equally; while there has been no written agreement of partnership, in all respects the business has in fact been conducted as a partnership with an equal sharing of profits and losses.

16. Plaintiff Dorothy B. A. Rood has for many years been actively engaged in

business, financial and public administration affairs and has developed an unusually broad experience in financial and business matters, both locally and nationally.

17. Plaintiff Dorothy B. A. Rood and her first husband, Frederick G. Atkinson, for many years prior to 1940, contributed substantial amounts to religious, cultural and educational institutions; following the death of Frederick G. Atkinson in 1940, plaintiff Dorothy B. A. Rood continued to make substantial contributions to religious, educational and cultural institutions; since the marriage of plaintiffs in 1948, the same pattern of giving as had been established prior to 1948 has been continued; such pattern establishes that total contributions have each year approximated the maximum amount allowable for income tax deductions under the Internal Revenue Code; plaintiff Dorothy B. A. Rood has, from time to time, made contributions to certain public, religious and educational institutions, which have, through their governing bodies, purchased or commissioned works of sculpture by plaintiff John Rood; some of these works so purchased or commissioned have been of large size and scope and have necessitated substantial expenditures for materials and labor; the contributions of plaintiff Dorothy B. A. Rood have, in some instances, made these purchases or commissioned works possible, but, to a large extent, the amounts contributed have been paid to the partnership to meet materials and labor costs, with only a small and reasonable commission to plaintiff John Rood; there is no evidence to the effect that plaintiff Dorothy B. A. Rood has made contributions solely for the purpose of creating a profit on behalf of the partnership; there is considerable evidence that these works of sculpture have contributed materially to the reputation of plaintiff John Rood as a sculptor and have enhanced the potentiality of profit from this sculpturing business conducted by plaintiffs.

18. Plaintiff John Rood, for the years 1937 to 1948, engaged primarily in sculpture in wood; he then changed, first to stone and then to metal; such changes were made primarily because of the intent to realize a profit from the sale of sculpture for churches in the medium of stone and for the sale of sculpture in the medium of metal for sculpture closely integrated or associated with building architecture; the field of sculpture allied to architecture is a growing field of considerable potential for profit.

19. The business of sculpturing carried on by plaintiffs as a partnership includes not only the actual creation of the sculpture, but also plaintiff John Rood's teaching, lectures, writings, exhibitions and operation of the Highacre Gallery and Studio; each of these activities is an integral part of the overall sculpturing conducted by plaintiffs as a partnership.

20. The deductions taken by plaintiffs for business expenses of the partnership during the years 1952, 1953 and 1954 were all ordinary and necessary to the conduct of the business of the partnership; all such expenses are correctly substantiated by the records of the partnership and may be allowed, except that insofar as depreciation was taken in the years 1952, 1953 and 1954 for the Highacre Gallery and Studio, defendant shall not be barred from questioning the reasonable life for depreciation purposes of the Gallery and Studio for tax years subsequent to 1954.

Conclusions of Law

1. Since 1948 plaintiffs have engaged, as equal partners, in a partnership for the production, exhibition and sale of works of sculpture.

2. In the calendar tax years 1952, 1953 and 1954, plaintiffs were engaged as partners in the production, exhibition and sale of sculpture as a trade or business within the meaning of Sections 23 (a) and 23(e) (1) of the 1939 Internal Revenue Code.

3. Plaintiffs properly deducted the losses of such partnership from gross income on their joint income tax returns for the calendar tax years 1952, 1953 and 1954.

4. All expenses of plaintiffs incurred by them as partners in the business of creating, exhibiting and selling sculpture for the tax years 1952, 1953 and 1954 were ordinary and necessary business expenses within the meaning of Sections 23(a) and 23(e) (1) of the 1939 Internal Revenue Code, provided, however, that this Conclusion of Law shall not bar defendant from questioning for calendar tax years subsequent to 1954 the reasonable life for depreciation purposes of the Gallery and Studio located at 1650 Dupont Avenue South, Minneapolis, Minnesota.

5. Plaintiffs are entitled to a refund of $17,827.58, representing the principal amount of taxes and interest thereon assessed by the District Director of Internal Revenue, St. Paul, Minnesota, for the calendar tax years 1952, 1953 and 1954 and paid by plaintiffs July 2, 1958, together with interest thereon from and after July 2, 1958 as allowed by law, and let judgment be entered accordingly.